**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| DIETGOAL INNOVATIONS LLC, | § | |
| | § | Hon. Caroline Craven |
| Plaintiff, | § | |
| | § | Civil Action No. 2:12-cv-00332-MHS-CMC |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| MEREDITH CORPORATION, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**DEFENDANT MEREDITH CORPORATION'S REPLY ON ITS MOTION TO
<u>TRANSFER VENUE TO THE SOUTHERN DISTRICT OF NEW YORK</u>**

Meredith's motion showed that most witnesses—both party and non-party—and most of both parties' documents are located in or near the Southern District of New York ("SDNY") and that the SDNY has a real local interest in the dispute.  DietGoal has identified no business, no witnesses, no employees, and no sources of proof in Texas, and while pretending to be a Texas company for venue, in fact is owned and run by owners in New York and has only a "registered agent" in Austin.  Thus, Meredith's motion presents a straightforward question for the Court to decide.  When most of the witnesses, documents, and interest are in or near New York, while this District has ***absolutely none***, can the Court nonetheless refuse a transfer simply on the basis that the plaintiff has recently sued others here?  In short, can DietGoal transform a clearly inconvenient forum into a convenient one simply by filing many inconvenient suits?  If this Court applies the line of Federal Circuit cases ordering transfer, as it properly did in its recent *Droplets* cases, the answer is clearly no.

## I.     At Least Four Factors Heavily Favor Transfer

Witness Convenience:  This is a New York case with no connection to this District.  DietGoal has not identified a single witness located in or even remotely near this District.  Most of the relevant witnesses, including most of Meredith's knowledgeable employees, DietGoal's owners, the named inventor, the prosecuting attorney, former Meredith employees, and prior art witnesses reside in New York and nearby states.  Because DietGoal cannot name a witness near this District, it is left to make several incorrect arguments.  First, DietGoal argues that, given Meredith's revenues, "the relative burden to Meredith to attend trial in this forum is not as great as the burden to DietGoal and its witnesses to travel to New York to attend trial."  (Opp. at 9.)  But, all of DietGoal's witnesses are in New York and nearby Pennsylvania, Maryland, and Virginia; it has failed to identify a single DietGoal witness for whom travel to New York is farther or less convenient than travel to this District.

Second, because witnesses are in New York as well as Vermont, Seattle, Virginia, Maryland, and Pennsylvania, DietGoal argues that the SDNY does not contain all witnesses and that this factor does not favor transfer.  The issue is ***not*** whether the proposed district is the location of ***all*** witnesses but

instead whether it is more convenient for witnesses *than this District*.  The SDNY is clearly more convenient than this one for all the witnesses in New York, Pennsylvania, Vermont, Maryland, Pennsylvania, Virginia, and even Seattle.[1]  Third, DietGoal argues that convenience of non-party witnesses is most important, but ignores that most of the identified non-party witnesses are on the East Coast close to New York and far from this District.  Making the required comparison between districts, as the law requires, the many witnesses in and near New York and the lack of a single witness *anywhere near this District* make clear that this factor is not even close and strongly favors transfer.

Locations of Documents:  As with witnesses, DietGoal identifies no documents anywhere near this District.  This is not surprising since DietGoal itself was formed by New Yorkers just days before filing its first lawsuit and it has no business, offices, or employees in Texas. Most of Meredith's own records, those of third parties, and likely those of DietGoal's New York owners are all located in or near New York.  DietGoal nonetheless suggests this factor does not support transfer because Meredith's documents are located in New York as well as Vermont and Seattle.  The issue is not whether the SDNY has all of the documents but whether the SDNY has significantly more documents than this District.  Given that this District (and indeed Texas as a whole) has *absolutely no* relevant documents, while Meredith, DietGoal, and third party documents are located in New York and nearby states, this factor clearly favors transfer.  While DietGoal speculates without a shred of evidence that there might be relevant Meredith documents at some unspecified satellite offices in other locations than Meredith's New York base, Meredith's declarations expressly show that to be an untrue assertion by DietGoal.  (*See* Sharples Decl., ¶¶ 6-7; Sommers Decl., ¶¶ 7-8.)

Absolute Subpoena Power:  DietGoal does not dispute that there is *no* identified witness whatsoever within this Court's subpoena power, while there are at least several in the SDNY.  This factor strongly favors transfer, and for good reason.  Refusing a transfer would deny Meredith the

---

[1] As discussed in Meredith's motion, Seattle witnesses are closer by travel time to SDNY than to this District.  (Motion at 8; Carraway Decl., ¶ 28, Exh. BB.)

right to put on a defense with those relevant witnesses.  Thus, when weighing the factors, the Court

should consider the importance of maximizing access to a full defense with relevant witnesses at trial.

Local Interest:  DietGoal's assertion that this District has a local interest because the accused

website is available nationwide contradicts years of clear Federal Circuit law. (Motion, at 13 n.4.)  Nor

does DietGoal's incorporation in Texas provide any local interest for this District.  DietGoal's only

connection to this state is a registered agent listed in Austin, not in this District, and DietGoal has no

office, employees, or business activity even there.  Finally, as Meredith showed in its motion, given the

lack of any real business in this state other than DietGoal's suits filed right after incorporation,

Federal Circuit law precludes reliance on the Texas incorporation for a local interest.  (*See* Motion, at

13-14.)  As between districts, the SDNY has a local interest in the dispute, given that DietGoal's

owners and Meredith's business and witnesses are there.  This factor also strongly favors transfer.

Judicial Efficiency:  DietGoal relies heavily on the alleged efficiency of maintaining its cases in

one forum.  However, the cases are all just beginning and they involve separately developed websites

that almost certainly operate differently in many respects.  Further, the alleged judicial efficiency is

caused by DietGoal's New York owners filing cases with no connection to this District.  Further,

many defendants have moved to transfer to the SDNY, which would minimize the alleged

inefficiencies.  Nonetheless, as discussed below, any efficiency achieved by litigating all cases in this

District is far outweighed by the other factors strongly favoring transfer.[2]

## II.     The Southern District of New York Is The "Clearly More Convenient" Venue

In the balance, at least four significant factors solely favor transfer.  Not a single factor

---

[2] The remaining factors are neutral.  While DietGoal claims that court congestion favors this District over the SDNY, this Court found in *Droplets* that it only "slightly" weighed against transfer, and still transferred the case.  *Droplets v. E*Trade* (*Droplets I*), 2012 WL 3133398, at *6 (E.D. Tex. Mar. 5, 2012).   Further, the Federal Circuit has confirmed that time to trial is not important for an entity that does not practice the patent.  *In re Morgan Stanley*, 417 Fed. App'x 947, 950 (Fed. Cir. Apr. 6, 2011) (ordering transfer to SDNY).  DietGoal's suggestion (without case law support) that the "familiarity with the law" factor supports transfer based on this Court having patent local rules, every Federal Court has the ability to apply patent law, and none of the transfer decisions by the Federal Circuit have credited this court's patent local rules as giving it an edge for this factor.

supports keeping this case in Texas; rather, doing so would cause significant inconvenience to numerous witnesses, burden the parties with respect to documents, infringe on the parties' ability to subpoena witnesses for trial, and burden jurors in a district with no interest in the case.  The Federal Circuit has found that when these factors favor transfer, transfer should be the result:

> As in *Volkswagen*, *TS Tech*, *Genentech*, and this court's most recent decision, *In re Hoffmann-La Roche Inc.*, this case features a stark contrast in relevance, convenience, and fairness between the two venues.  This court has held and holds again in this instance that in a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer.

*In re Nintendo*, 589 F.3d 1194, 1198 (Fed. Cir. 2009).

DietGoal ignores this precedent and asserts that one factor, judicial efficiency, should override all others here.  Even if the judicial efficiency factor favored transfer (which Meredith does not concede), judicial efficiency alone cannot, under the law, support denying the motion when so many convenience and fairness factors point the other way.

First, the Fifth Circuit has been clear that no single factor is dispositive in the transfer analysis. *Volkswagen I*, 371 F.3d at 203 ("The determination of 'convenience' turns on a number of private and public interest factors, none of which are given dispositive weight.").  Moreover, while DietGoal makes much of a quote that judicial efficiency can be a "paramount" factor in the analysis, "paramount" does **not**, as DietGoal suggests, equate with "decisive" or "overriding." *See In re Verizon*, 635 F.3d 559, 562 (Fed. Cir. 2011) (allowing judicial efficiency to "override a compelling showing of transfer would be inconsistent with the policies underlying § 1404(a)").  In fact, to the extent that any one factor has been given the most weight, it is the **convenience of witnesses**, which is "probably the single most important factor in a transfer analysis." *Genentech*, 566 F.3d at 1342.  Here, witness convenience and three other factors favor transfer, and judicial efficiency cannot override those.

Second, the Federal Circuit has repeatedly ordered transfer where it might have been efficient to maintain a case in this District but where, as here, several factors favored transfer. *See Verizon*, 635

F.3d at 562; *Morgan Stanley*, 417 Fed. App'x at 949; *In re Zimmer*, 609 F.3d 1378, 1382 (Fed. Cir. 2010).

<u>Third</u>, as discussed in more detail in Meredith's Motion (at 11-12), this Court's decision in *Droplets* properly balanced the factors and transferred some defendants to New York and California. And it did so even though, unlike here, this District had previously construed the claims of the asserted patent, plaintiff's documents were located here, and there were witnesses located in this District, including the plaintiff's own CEO.  *Droplets I*, 2012 WL 3133398, at *2-5.   Here, the factors even more strongly favor transfer than in *Droplets*.

<u>Finally</u>, permitting DietGoal to manufacture judicial efficiency by filing many inconvenient cases is contrary to the rule precluding "parties who are opposed to a change of venue from defeating a transfer which, but for their own deliberate acts or omissions, would be proper, convenient and just."  *Van Dusen v. Barrack*, 376 U.S. 612, 625 (1964).  The Federal Circuit applied this rule in *Hoffman-La Roche* and *Microsoft*, holding that pre-litigation transfer of documents to this District and incorporation in Texas was done "to manipulate the propriety of venue and that it was entitled to no weight in the court's venue analysis."  587 F.3d at 1336-37.  Here, this case clearly belongs in the SDNY.  DietGoal instead chose to file many cases in this completely unrelated District in an effort to infect the venue analysis with claims of "judicial efficiency."  Under the principles discussed in the above cases, the Court should not reward DietGoal's venue machinations.[3]

In sum, as this Court's *Droplets* case illustrates, judicial efficiency cannot be a one-factor trump card—especially where it is improperly manufactured by plaintiff—when at least four other factors overwhelmingly support transfer.  Thus, the Court should transfer this case to the SDNY.

Dated:  October 11, 2012

Respectfully submitted,

By:     */s/* J. Christopher Carraway

---

[3] In addition, the judiciary's multi-district litigation (MDL) process already provides a solution to DietGoal's alleged efficiency problems if DietGoal can meet its requirements.  (*See* Case No. 2:12-CV-00337-MHS-CMC, Dkt. 21, at 5.)  DietGoal essentially asks the Court to be a one-judge MDL panel to assign itself all cases involving this patent when many belong elsewhere. Not only would that result usurp the MDL panel but it also would undermine the safeguards the MDL panel provides by sending cases back to convenient, interested districts for trial.

J. Christopher Carraway (OR Bar No. 961723)
christopher.carraway@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon  97204
Telephone:  (503) 595-5300
Facsimile:  (503) 595-5301

*Attorneys for Defendant Meredith Corp.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on October 11, 2012, a true and correct copy of the above and foregoing document has been served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ J. Christopher Carraway

J. Christopher Carraway
